This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41446**

**IN THE MATTER OF THE ESTATE OF
RACHANDA JOQUET MYERS, Deceased,**

**AMAVALISE F. JARAMILLO,**

Attorney-Appellant

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY
Shannon Murdock, District Court Judge**

Amavalise F. Jaramillo
Tome, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Appellant Amavalise F. Jaramillo appeals the district court's order denying Appellant's charging lien for attorney fees, entered September 18, 2023. In this Court's notice of proposed disposition, we proposed to summarily affirm. Appellant filed a memorandum opposition, which included a request to amend his docketing statement to include recovery based on the common fund doctrine, both of which we have duly considered. Unpersuaded by Appellant's memorandum in opposition, we affirm. We deny Appellant's request to amend his docketing statement.

**{2}** In his memorandum in opposition, Appellant continues to contend that the district court erred in denying his claim for attorney fees based on unjust enrichment and other principles of equity. [MIO 1-2] Although our notice of proposed disposition specifically directed Appellant to respond to our proposed analysis regarding unjust enrichment in any memorandum in opposition he chose to file [CN 6], Appellant's memorandum in opposition contends only that this Court did not address any of the three cases that Appellant cited in support of his docketing statement. [MIO 1]

**{3}** We note that we incorporated the cases cited in Appellant's docketing statement into our proposed summary disposition by proceeding to review the merits of Appellant's claim of unjust enrichment [CN 4-6], despite our suggestion that, because equity does not take the place of remedies at law, the doctrine was not applicable to Appellant's claims [CN 3-4]. Further, the memorandum in opposition does not raise any new arguments based on these cases, expand upon what principles of law contained within the cases, if any, Appellant believes were omitted from this Court's notice of proposed disposition, or otherwise apply these cases to the facts, law, or analysis that was contained within this Court's notice of proposed disposition. [MIO 1-2] As a result, we are not persuaded on this basis that our proposed summary disposition incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** Appellant additionally supports his claim that "equity requires him to be paid for his work" by claiming that this Court's notice of proposed disposition "recognized that [Appellant's] actions benefited the entire estate." [MIO 2] This claim is incorrect. Our notice of proposed disposition recognized that Appellant commenced the proceedings and stated that "the Estate *may have* indirectly benefitted from the legal work performed by Appellant for his client." [CN 4 (emphasis added)] However, we also explained, "if Appellant initially indirectly benefitted the estate insofar as his efforts assisted with appointing the PR, we suggest that the record proper indicates that Appellant may have later acted to the detriment of the Estate and its beneficiaries." [CN 6] And we identified three ways in which it appeared that Appellant acted to the detriment of the Estate and its beneficiaries. [CN 6]

**{5}** Based on these facts, our notice of proposed disposition proposed to conclude that Appellant had not demonstrated that the result reached by the district court in this case was unjust. [CN 5-6] *See Ontiveros Insulation Co. v. Sanchez*, 2000-NMCA-051, ¶ 11, 129 N.M. 200, 3 P.3d 695 (stating that a claim for unjust enrichment requires the claimant to establish: (1) another has been knowingly benefitted at the claimant's expense; and (2) *in a manner such that allowance of the other to retain the benefit would be unjust* (emphasis added)); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (noting that it is the appellant's burden to demonstrate error on appeal). Appellant's memorandum in opposition has not addressed this analysis, and we are therefore not persuaded that it was incorrect. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10.

**{6}** Additionally, and for the same reason, we do not consider Appellant's claim that the common fund doctrine applies as viable. *See In re N.M. Indirect Purchasers Microsoft Corp.*, 2007-NMCA-007, ¶ 18, 140 N.M. 879, 149 P.3d 976 ("Under the

common fund doctrine, a litigant or a lawyer who recovers, preserves, or increases the value of a common fund, thereby benefitting other persons, may be reimbursed for reasonable fees and expenses from the fund as a whole."); *see, e.g.*, *In re Foster*, 1985-NMCA-038, ¶ 43, 102 N.M. 707, 699 P.2d 638 ("The award being equitable depends on the facts of the case and the exercise of equitable power must be used with discretion. An award of attorney fees is not automatic even if there is no dispute [that principles of equity may be applicable]."). We therefore deny the motion to amend. *State v. Moore*, 1989-NMCA-073, ¶ 45, 109 N.M. 119, 782 P.2d 91 ("[W]e should deny motions to amend that raise issues that are not viable."), *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{7}** Appellant's memorandum in opposition cites to no authority and presents no new facts or arguments that otherwise persuade this Court that our proposed summary disposition was incorrect. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10. Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{8}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**